848 F.2d 1244
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Glenn W. GIBBONS, Petitioner,
v.
DEPARTMENT OF TRANSPORTATION, Respondent.
 No. 88-3106.
 United States Court of Appeals, Federal Circuit.
 May 10, 1988.
 
 Before FRIEDMAN, BISSELL and MAYER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (Board) in docket No. BN315H8710176, dismissing the petitioner's appeal from his removal, is affirmed.
 
 OPINION
 
 2
 The Department of Transportation removed the petitioner as an aviation safety inspector in the twelfth month of his probationary period of employment. The ground of removal was that, prior to his federal employment, he had violated Federal Aviation Safety Regulations while flying as a pilot. The petitioner appealed the removal to the Board.
 
 
 3
 Under the governing regulations, the Board has jurisdiction over appeals challenging the removal of probationary employees only if the removal (1) involved discrimination based upon partisan political activity or marital status, 5 C.F.R. Sec. 315.806(b), or (2) was effected in violation of the relevant procedural requirements of 5 C.F.R. Sec. 315.805 and 5 C.F.R. Sec. 315.806(c). Noting that the petitioner did not allege that he was removed for either of those two reasons (he alleged that he was removed because of his age), or that the termination did not comply with the applicable procedural requirements, the Board dismissed the appeal for lack of jurisdiction.
 
 
 4
 For the reasons given in the opinion of the administrative judge of the Board, the Board correctly dismissed the appeal. The Board has jurisdiction over appeals by probationary employees only in a narrow category of cases and, as the Board pointed out, the petitioner had not alleged that his case came within any of those categories.
 
 
 5
 The alleged "new and material evidence" upon which the petitioner now relies to show asserted procedural irregularity, does not establish that claim. The alleged new evidence is a letter in which the Administrator of the Federal Aviation Administration, according to the petitioner, for the first time made him aware that he had been terminated for violations of Federal Aviation Regulations themselves rather than for his failure to disclose those violations prior to his appointment.
 
 
 6
 Contrary to the petitioner's contention, the notice of proposed removal adequately informed petitioner that it was the noncompliance with the regulations itself that led to his removal. The notice stated that removal was proposed because of "[a]dverse information about your aviation background not known by me, or the other officials involved in your selection, at the time of your employment with the FAA." The notice then described four incidents in which the petitioner had operated an aircraft improperly, and concluded: "Based on the above adverse information concerning your aviation career prior to being employed by the FAA, which directly reflects on your personal attitude toward complying with the Federal Aviation Regulations and your piloting judgment, and based on the necessity to preserve the public confidence in this critical area, I do not believe that you have the credibility and trustworthiness necessary for the performance of your duties."
 
 
 7
 The alleged new evidence did not require the Board to grant review of the administrative judge's initial decision.